■ Miriam Rosenberg an Infant, by Her Father, Bernat Rosenberg, et al., Respondents, v Moishe Mermelstein, an Infant, by His Mother, Miriam Mermelstein, Defendant; Miriam Mermelstein, as Executrix of Armen Mermelstein, Deceased, Appellant, and Livy Neuman, an Infant, by His Father, Abraham Neuman, et al, Respondents.—In a negligence action to recover damages for personal injuries to the infant plaintiff, Miriam Rosenberg, and for loss of services and medical expenses incurred by her father, Bernat Rosenberg, defendant Miriam Mermelstein, as executrix of the estate of Armen Mermelstein, appeals from a judgment of the Supreme Court, Kings County (Golden, J.), dated December 22, 1983, which, after a nonjury trial, was in favor of the infant plaintiff and against her decedent's estate in the principal sum of $80,655.50, and in favor of plaintiff Bernat Rosenberg and against her decedent's estate in the principal sum of $1,835.12.

Judgment reversed, on the law and the facts, without costs or disbursements, and complaint dismissed.

At approximately 8:00 P.M. on July 21, 1976, the infant plaintiff, then four years old, was injured when her right index finger became caught at the junction of the chain and front sprocket of a bicycle owned by the infant defendant Moishe Mermelstein, then nearly 10 years old. The bicycle had been entrusted to the infant defendant Moishe Mermelstein by his father, the late Armen Mermelstein. At the time of the accident, the bicycle, which did not have a chain guard covering the front sprocket, was being walked by eight-year-old Livy Neuman, a friend of Moishe Mermelstein. As a result of the accident, the infant plaintiff suffered a partial amputation of her right index finger, which operation left what the trial court described as "a stump".

In finding in favor of the plaintiffs, the trial court determined that the use of the bicycle without a chain guard over the front sprocket "created an unreasonable risk of harm to young children using, possessing, or otherwise coming into contact or close proximity" to said bicycle, and that, therefore, the deceased Armen Mermelstein had been negligent and had failed to exercise reasonable care in entrusting the bicycle in question to his son. We disagree. While it may be possible that, under some circumstances, a bicycle might be considered a " 'dangerous instrument' " (Nolechek v Gesuale, 46 NY2d 332, 338), there was in the instant case insufficient evidence from which it could be determined that the bicycle involved here was such an instrument or that the deceased Armen

Mermelstein breached his duty "to protect third parties from the *foreseeable* harm that results from the [child's] improvident use of dangerous instruments, to the extent that such use is subject to parental control" *(Nolechek v Gesuale,* 46 NY2d 332, 340, *supra;* emphasis supplied; *see also, Pietrzak v McGrath,* 85 AD2d 720, 722).

While the plaintiffs' witness, a bicycle dealer and repairer, testified that the purpose of a chain guard was to protect against anything becoming caught in the chain and sprocket mechanism, it seems clear that its principal function is to prevent the clothing of the rider or walker of the bicycle from becoming ensnared, and not to prevent the type of accident which occurred here. That this type of accident was not foreseeable is further evidenced by the fact that no such similar guards are placed on the rear sprocket, where there is little danger of clothes becoming caught, but where one could still insert and injure a finger in the same manner as occurred in the instant accident. Plaintiffs simply failed to establish that the instant accident was a foreseeable result of the absence of the chain guard.

Additionally, a chain guard would have covered the front sprocket only on one side. While such a guard would, of course, have prevented the infant plaintiff's finger from becoming caught had she stood on the protected side of the sprocket, it appears that it was at least possible that the accident could have occurred even if the chain guard had been on, had the infant plaintiff been standing on the unprotected side of the sprocket. There is no evidence in the record to indicate whether the infant plaintiff was injured while on the protected or unprotected side.

As the evidence did not establish that the missing chain guard rendered the bicycle in question a dangerous instrument which could foreseeably cause the instant accident, appellant cannot be held liable for the infant plaintiff's injuries or for her father's derivative claim. Niehoff, J. P., Lawrence, Eiber and Kooper, JJ., concur.